THE MISSOURI PACIFIC RAILWAY COMPANY v.
MAUDE CHICK.

No. 198.

1. PLEADING—*under facts alleged complaining party could not have been misled.* Where an ordinance is alleged in the petition to have been approved June 13, 1887, when in fact it was approved June 15, 1877, and the ordinance is further described in the petition by title and number, together with the allegation that it was in full force and effect at the time of the violation complained of, *held*, that the defendant could not have been misled by the failure of plaintiff to state the correct date of the approval of the ordinance in his petition.

2. ORDINANCES—*publication of, presumed authorized by law.* Where it appears from the record that one of the revised ordinances of the city of Ottawa was offered in evidence and read from the "Revised Ordinances of the City of Ottawa," and it does not appear in what form the revised ordinances were published, *held*, that in the absence of any evidence as to their invalidity it will be presumed that they were revised and published as authorized by law.

3. INSTRUCTIONS—*in this case held proper.* The instructions complained of relating to the issue reviewed in this court, set forth, and *held*, that the instructions, when construed in connection with the evidence, correctly state the law and clearly inform the jury as to what material facts must be found in order to recover or to bar a recovery.

4. FINDINGS—*supported by evidence.* The special findings examined, and *held*, that they are supported by the evidence, and are in harmony with the general verdict.

Error from Franklin District Court. Hon. A. W. Benson, Judge. Opinion filed October 20, 1897. *Affirmed.*

*B. P. Waggener* and *David Kelso,* for plaintiff in error.
*C. A. Smart* and *W. S. Jenks,* for defendant in error.

SCHOONOVER, J. Maude Chick, an infant, commenced her action in the District Court of Franklin County to recover damages for personal injuries sus-

tained by the negligence of the defendant. In her petition she alleged that, while attempting to lead her horse from the front of her father's house, in the city of Ottawa, to Locust Street, on the west side of the house, the horse was frightened, by a railway train which was running at a rate of speed exceeding twenty miles an hour, and in excess of the rate of speed prescribed by an ordinance of the city, and in excess of an ordinarily safe and reasonable rate of speed, and became unmanageable and injured her. She further alleges, in substance, that when the train was within a few feet of her and her horse, and while she was in full view of the engineer and other servants of the Company, they carelessly and with gross negligence caused to be suddenly opened for the escape of steam the safety valve of the engine, causing a terrifying noise, and that thereby the horse, becoming frightened, reared, and crowded her over upon a picket fence, falling upon and injuring her person.

It was fully alleged in the petition that the injuries of the plaintiff were caused by the carelessness, negligence and mismanagement of the defendant. The defendant denied generally and specifically all the averments of negligence on its part, and alleged that the plaintiff's injuries, if any, were caused by her own negligence and want of proper care. The case was tried to a jury and resulted in a verdict and judgment for the plaintiff for $325. The defendant below brings the case here for review.

In the petition three grounds for recovery are insisted upon : *First*, that the train of defendant was being operated in violation of an ordinance ; *second*, that there was a violent and startling noise made by the engine through the carelessness and negligence of the de-

fendant's servants; *third*, that the train was being operated at a dangerous and excessive rate of speed.

The jury in their special findings of fact found that the defendant's engine and train did not make a loud or unusual noise as it approached the point opposite plaintiff. This ground for recovery will not be further considered.

The plaintiff in error insists in its brief that the 1. Ordinance properly admitted. trial court erred in the admission of evidence offered by plaintiff below, in the following particular :

" The question being as to the rate of speed railroad trains were prescribed to run within the limits of the city of Ottawa, by ordinance thereof, alleged in the petition to have taken effect and to have been approved about June 15, 1887, and in force January 24, 1892, the court allowed to be read in evidence to the jury, over the objections of the defendant Company, a document purporting to be an ordinance of said city, entitled, 'Ordinance No. 67,' and approved June 13, 1877."

In the petition it is alleged that the ordinance was approved June 13, 1887, while in fact it should have been June 15, 1877. The ordinance is set out by its proper title and number, and the section of the ordinance alleged to have been violated is set forth in substance, with the further allegation that the ordinance was in full force and effect at the time of the injury.

It is manifest that the error in the date of the approval of the ordinance in no way prejudiced the defendant. The ordinance was one of the revised ordinances of the city of Ottawa, of 1887, and as such was offered in evidence. It was read from the "Revised Ordinances of the City of Ottawa."

From the record, it does not appear in what form

RAILWAY CO. v. CHICK. 483

Oct. 20, 1897.        Opinion.  Schoonover, J.          E. Div.

the revised ordinances were published, but in the ab-
sence of any evidence as to their invalidity it will be
presumed that they were revised and published as
authorized by law.  The title of the ordinance is suf-
ficient, it is not void in law, and the trial court com-
mitted no error in permitting it to be read in evidence.
It is contended by counsel for plaintiff in error in

3. Instructions ex-  their brief that the trial court erred in
amined.          giving the following instructions.

" 7.  As to the rate of speed, you are informed that
the city had the lawful right to prescribe by ordinance
the rate of speed at which trains should be run in the
city, and an ordinance fixing the maximum rate of
speed at six miles an hour is a proper exercise of mu-
nicipal power and a valid regulation.    To run at a
higher rate of speed is evidence of negligence proper
to be considered by the jury.  If, however, the rate
of speed, although excessive, does not cause the in-
jury, it becomes entirely immaterial.  Not only must
it appear that the speed was in excess of that pre-
scribed by ordinance, but also that it was the direct
or proximate cause, or one of the direct or proximate
causes, that produced the injury to the plaintiff."

" 11.  If you find the defendant guilty of negligence
in one or both of the matters, as alleged in the peti-
tion, and that the plaintiff was injured thereby, then
your next inquiry should be whether the plaintiff
herself failed to exercise reasonable care on her part
and thereby contributed to her own injury.  If her
own negligence contributed directly or proximately
to such injuries, she cannot recover.  The law in such
cases does not compare or apportion the negligence of
the parties, but denies all relief to one who, by her
own negligence, has contributed directly or proxi-
mately to an injury for which she asks damages.

" 12.  In determining whether she was in the exer-
cise of proper care on her part, you will consider the
situation in which she was — the knowledge of warn-
ing of danger, and all the attendant circumstances —
and then say whether she exercised proper care, that

484          RAILWAY CO. v. CHICK.

S. Dept.          Opinion.  Schoonover, J.          6 Kan. App.

is, the care and caution that a person of her age of ordinary and reasonable prudence would have exercised in the same situation. When she first observed the train, she had a right to believe that it would approach at no greater rate of speed than provided by ordinance, unless it was apparent to her, or in the exercise of ordinary and reasonable prudence it ought to have been apparent to her, that it was coming at a greater rate of speed. She was required to exercise ordinary prudence in observing the movement of the train and in caring for her own safety, as I have just said.

"13. Although the railroad track was rightfully in the street and the Company had the right to properly operate its trains thereon as stated, still the plaintiff had the right also to use the street outside the track in a reasonable and prudent manner, for the purposes for which streets are ordinarily used, exercising such care and diligence as a person of ordinary prudence would exercise under like circumstances.

"14. Whether the plaintiff, upon all the evidence and circumstances proven, exercised the care and caution of a person of ordinary and reasonable prudence, as before stated, is submitted as a question of fact for the jury. If she did not, and such failure contributed proximately to the injury, she cannot recover."

The defendant below requested the following instructions which were modified by the court. They were given as modified, and the defendant excepted :

"2. Before you can find the defendant guilty of carelessness on account of running its train at a greater rate of speed than is prescribed by ordinance, you must find from the evidence that the train was running at such excessive speed while approaching the place of accident and near enough thereto so as to become a proximate cause of the injury. Excessive speed at any other place, although in the city limits, would be immaterial.

"3. Before the jury can find the defendant Company guilty of negligence by running its train at a

RAILWAY CO. V. CHICK. 485

Oct. 20, 1897. · Opinion. Schoonover, J. E. Div.

greater rate of speed within the limits of this city than six miles an hour, so as to be answerable in damages to the plaintiff herein, it must also find from the evidence that such rate of speed was the direct and proximate cause, or one of the direct or proximate causes, of the injury to the plaintiff complained of herein.''

Counsel for plaintiff in error are very severe in their criticism of that portion of the instructions, asked by the plaintiff and given by the court, which reads as follows :

'' You are instructed that the plaintiff had the right to believe, when she first saw the train, that it was approaching at no greater rate of speed than that permitted by the ordinances of the city of Ottawa, and that she had the right to act on that belief, unless it was apparent to her by exercising ordinary care that the train was approaching at a greater rate of speed.''

This instruction is a correct statement of the law under the evidence in this case. The plaintiff was going to her horse when she first discovered the train, which was over sixty rods away, coming directly towards her from the west. It was fifty-two feet from the point where her horse was tied, to Locust Street; before she reached Locust Street with her horse, it became frightened, the train passed, and the plaintiff was injured. It does not appear from the evidence that she knew, or that it was apparent to her by the exercise of ordinary care, that the train was running at a greater rate of speed than that permitted by ordinance at the time she first discovered it or at the time she unhitched the horse and started to lead it away. Under these surroundings, at this time, she had the right to believe, and the right to act upon the belief, that the train was approaching at no greater rate of speed than that permitted by the ordinance.

Plaintiff did testify as follows :

" Q. Now, that train that you saw approaching the crossing when your horse was frightened, was that running slowly or was it running swiftly? A. Well, it was going very fast."

But we cannot say from this testimony that she possessed this knowledge at the time she first discovered the train, unhitched the horse, and started to lead it to Locust Street.

The instructions complained of relating to the issue as now reviewed are set forth in full in this opinion. When construed in connection with the evidence in this case, they correctly state the law and clearly inform the jury as to what material facts must be found in order to recover or to bar a recovery.

The jury in their special findings found that plaintiff would not have received the injury by the passing train if she had not, after seeing the train approaching on First Street, untied her horse and tried to lead it away. The jury further found that the horse of plaintiff became frightened at the approaching train ; that the defendant's servants were guilty of negligence in the running and in the management of the train along and upon First Street; that the train was running at the rate of fifteen to twenty miles per hour after it came upon First Street and up to Locust Street. They also found that the defendant's servants were guilty of negligence, "in violating city ordinance, which limits the running of trains to six miles per hour within the corporate limits."

This is a close case ; but it was fairly tried, and the verdict is small and appears to be free from passion or prejudice. The findings of the jury are fully supported by the evidence and are in harmony with the general verdict.

The judgment of the District Court is affirmed.